IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL WINNE,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER JOSH KNIGHT, SERGEANT WEBER, and CANDICE NEUBAUER.<br><br>Defendants. | CV-15-00044-H-DLC-JTJ<br><br>ORDER |

Plaintiff Michael Winne, an inmate proceeding in forma pauperis and without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Knight (at the instruction of Defendant Weber) used excessive force in violation of the Eighth Amendment cruel and unusual punishment clause of the United States Constitution. (Complaint, Doc. 2 at 8.)

Defendants filed a Motion for Summary Judgment arguing Mr. Winne failed to exhaust his administrative remedies. (Doc. 15.) Mr. Winne filed a motion for leave to file a sur-reply (Doc. 27), a motion to strike the declaration of Billie Reich (Doc. 29), and a motion to strike his disciplinary hearing records (Doc. 31).

Oral argument was held regarding the pending motions on September 14, 2016. At the argument, it became apparent that there are issues pertaining to the

1

motion for summary judgment that the Court cannot resolve without an opportunity for discovery and further briefing. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014)("If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, . . .") The parties will be given an opportunity to conduct limited discovery on the exhaustion issue and file supplemental briefs.

### A. Disciplinary Decision

Defendants argue that Mr. Winne failed to appeal the disciplinary decision regarding the incident at issue and therefore failed to exhaust his administrative remedies. At the September 14, 2016 hearing, Mr. Winne indicated that he was not provided the forms for filing a disciplinary appeal. He argued that he clearly indicated that he wanted to appeal the disciplinary decision but he was not given the forms and then placed in disciplinary segregation and then administrative segregation. There is an issue of fact regarding whether Mr. Winne requested the form for appealing his disciplinary decision and if so whether he was provided that form. As this issue was raised for the first time at the hearing, the Court will allow the parties 60 days to conduct discovery on this issue and file supplemental briefs.

### B. Classification Decision

Defendants argue that Mr. Winne's claim that Ms. Neubaur made a false

2

statement in a classification summary in a conspiracy with the other defendants to cover up the use of excessive force should also be dismissed for failure to exhaust the MSP appeal process applicable to Mr. Winne's January 23, 2015 disciplinary hearing decision and subsequent change in classification. Defendants argue that even though Mr. Winne could not use the grievance process to challenge the classification decision, he could utilize the classification appeal process. It is unclear, however, what the classification appeal process may be and/or how inmates were advised of that process. There is no evidence in the record regarding the classification appeal process, or whether Mr. Winne was advised that he had a right to appeal the classification decision or how long he had to file an appeal. The parties may also conduct discovery and file supplemental briefs on this issue.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Winne's "Request for Leave to Reply to Defendants' 2nd Reply brief, with Showing of Good Cause to Allow Same" (Doc. 27) is **GRANTED**. The Court will consider the information provided therein and the information filed by Defendants in their response to Mr. Winne's motion to strike the Reich declaration (Doc. 28) in reaching its decision on Defendants' motion.

2. Mr. Winne's "Motion to Suppress Declaration of Billie Reich" (Doc. 29)

and Mr. Winne's "Motion to Suppress Inmate Winne's Disciplinary Hearing's" (Doc. 31) are **DENIED**. Mr. Winne did not provide a sufficient basis to strike those documents. To the extent he disagrees with the content of Ms. Reich's declaration and/or his disciplinary records, he has made those arguments and they will be considered.

3. The parties shall have 60 days from the date of this Order to conduct discovery on the following issues:

a) whether Mr. Winne requested an appeal form after his disciplinary hearing and whether or not he was given any such form; and

b) whether Mr. Winne was given an opportunity to appeal the January 23, 2015 reclassification.

4. Within 90 days of the date of this Order, the parties may file supplemental briefs on the issues listed above.

DATED this 12th day of October 2016.

/s/ John Johnston
John Johnston
United States Magistrate