IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL WINNE, <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONAL OFFICER JOSH KNIGHT, SERGEANT WEBER, and CANDICE NEUBAUER. <br><br> Defendants. | CV-15-00044-H-DLC-JTJ <br><br><br> ORDER |

Currently pending is Mr. Winne's Objection which has been construed as a Motion for Reconsideration (Doc. 50); and Defendants' Motion to Compel and Motion for Extension of Time (Doc. 57.) The motion for reconsideration will be denied. The motion to compel and motion for extension will be granted.

**A. Motion for Reconsideration**

Mr. Winne has filed a document entitled, "Plaintiff Objects to Judges' Order (Doc. 48)." The Court has construed the filing as a motion for reconsideration. Local Rule 7.3 provides as follows:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be limited to seven pages and must specifically meet at least one of the following two criteria:
>     (1)    (A) the facts or applicable law are materially different

1

>  from the facts or applicable law that the parties presented
>  to the court before entry of the order for which
>  reconsideration is sought, and
>  (B) despite the exercise of reasonable diligence, the party
>  applying for reconsideration did not know such fact or
>  law before entry of the order; or
>  (2) new material facts emerged or a change of law occurred
>  after entry of the order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

The Court denied Mr. Winne's motion for leave to file accumulated documents from prison staff because the documents were already in the record. Mr. Winne objects to this Order by explaining why the documents were relevant to his arguments. He then asks that the documents be allowed to be part of the record. Again, the documents attached to Mr. Winne's motion to file are already part of the record. There is no need to refile these documents. The Court considered these documents in its first analysis of Defendants' motion for summary judgment and it will consider them in its final analysis of Defendants' motion. The motion for reconsideration will be denied.

### B. Motion to Compel and Motion for Extension of Time to File Supplemental Briefing

On November 10, 2016, Defendants served Plaintiff with Special Discovery

Requests pursuant to the Court's October 12, 2016 Order. (Doc. 57-1.) On December 15, 2016, Mr. Winne signed his responses to Defendants' discovery. (Doc. 57-2.) Defendants contend these responses were deficient in that Mr. Winne replies to most requests by referring Defendants to discovery.

The Court agrees that Mr. Winne's responses are deficient and almost meaningless. The Court will require Mr. Winne to file supplemental responses to Defendants' discovery requests. Should he fail to comply, the Court will recommend the dismissal of this action.

In making these responses, Mr. Winne is reminded of the following Local Rules and the Federal Rules of Civil Procedure. First, Local Rule 26.3(a)(1) requires that "Answers and objections to interrogatories pursuant to Fed. R. Civ. P. 33 and responses and objections to requests for admissions pursuant to Fed. R. Civ. P. 36 must identify and quote each interrogatory or request for admission in full immediately preceding the statement of any answer or objection." Mr. Winne's discovery responses fail to comply with this rule. The Court will have the Clerk of Court provide Mr. Winne with another copy of Defendants' discovery requests and Mr. Winne must either write his responses on the copy of Defendants' discovery requests or he must rewrite each request prior to providing his response.

Secondly, with regard to the requests for admissions, Mr. Winne is advised

that if he fails to specifically admit or deny each admission, the request for admission will be deemed admitted. *See* Fed.R.Civ.P. 36(a)(3). Additionally, if a request for admission is not admitted, the Federal Rules require the following:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

*See* Fed.R.Civ.P. 36(a)(4).

Finally, Mr. Winne cannot respond to Defendants' discovery requests by referring generally to discovery. He must either admit or deny each request for admission, he must provide specific responses to each interrogatory, and he must identify any documents responsive to each request for production of documents.

Defendants' motion will be granted.

Based upon the foregoing, the Court issues the following;

**ORDER**

1. Mr. Winne's Objection to the Court's November 16, 2016 Order as construed as a Motion for Reconsideration (Doc. 50) is **DENIED**.

4

2. Defendants' Motion to Compel and Motion for Extension of Time to File Supplemental Briefing (Doc. 57) is **GRANTED**.  Mr. Winne shall serve supplemental responses to Defendants' Special Discovery Requests within 14 days of the date of this Order.  Defendants shall file their supplemental brief to the motion for summary judgment within 30 days of the date of this Order.

3. The Clerk of Court is directed to provide Mr. Winne with a copy of Document 57-1 without the CMECF header.

DATED this 20th day of January, 2017.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge