IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL WINNE,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER JOSH KNIGHT, SERGEANT WEBER, and CANDICE NEUBAUER,<br><br>Defendant. | CV 15-44-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this case on April 14, 2017, recommending that Defendants' motion for summary judgment be granted and this matter be dismissed. Plaintiff Michael Winne ("Winne") timely filed objections to the findings and recommendations. Consequently, Winne is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston concluded, and this Court agrees, that dismissal is appropriate because Winne did not exhaust the grievance process in relation to his claims against Defendants Knight and Weber, and because he did not exhaust his administrative remedies in relation to his claim against Defendant Neubaur. Winne's first two objections (Docs. 77 and 78) reiterate the same facts and arguments already made and properly rejected by Judge Johnston. Winne fails to present any new evidence that proves he exhausted the grievance process and his administrative remedies.

Winne's third objection cites multiple cases that he contends warrants a denial of Judge Johnston's conclusion. The cases cited are: *Crawford-El v. Britton*, 523 U.S. 574 (1998); *Danzer v. Norden Sys., Inc.*, 151 F.3d 50 (2d Cir. 1998); *Hamm v. Groose*, 15 F.3d 110 (8th Cir. 1994); *Cooper v. Pate*, 378 U.S. 546 (1964); *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244 (6th Cir. 1994); *Yerdon v. Henry*, 91 F.3d 370 (2d Cir. 1996); and *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970). After reviewing these cases, the Court does not find that Judge Johnston's conclusion is in error. Pursuant to the legal standard for summary judgment, there still exists no genuine issue of material fact that Winne

did not exhaust the remedies available to him at MSP. Even after reviewing all evidence in favor of Winne, he is unable to satisfy this under the minimum preponderance of evidence standard.

Winne also moves the Court to enter default judgment under Fed. R. Civ. P. 55 due to Defendants' failure to plead or otherwise defend the case. Under Rule 55, a Court can enter default and then enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a) and (b). Here, after Judge Johnston entered his findings and recommendations, both parties were allowed 14 days to object. Filing an objection is not mandatory. Nonetheless, Defendants did timely respond to Winne's objections on May 9, 2017 (Doc. 80). Therefore, Winne's Rule 55 motion is without merit and is improper given the circumstances.

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 76) are ADOPTED IN FULL. This case is DISMISSED WITH PREJUDICE. The Clerk of Court shall CLOSE this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Winne's Rule 55 Motion (Doc. 81) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith.

DATED this 23rd day of May, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court